IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Whirlpool Corporation,, | Case No. 3:09 CV 735 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Edison Company, | |
| Defendant / Third-Party Plaintiff, | |
| -vs- | |
| GE-Prolec Transformers, Inc., et al., | |
| Third-Party Defendants. | |

### INTRODUCTION

This matter is before the Court on Third-Party Defendant Owens Electric Company's (Owens) Motion for Judgment on the Pleadings (Doc. No. 33). Owens seeks dismissal of the Amended Third-Party Complaint (Doc. No. 29) of Third-Party Plaintiff Ohio Edison Company (Ohio Edison). Ohio Edison has filed an Opposition (Doc. No. 36). This Court has supplemental jurisdiction over Ohio Edison's Complaint against Owens. *See* 28 U.S.C. § 1367.

**BACKGROUND**

In March 2009, Whirlpool Corporation (Whirpool) filed suit against Ohio Edison[1], asserting three claims: (1) Breach of Contract -- Express Warranty; (2) Breach of Express Warranty Under Michigan Uniform Commercial Code § 440.2313; and (3) Breach of Implied Warranties Under the Michigan Uniform Commercial Code § 440.2315 (Doc. No. 1). The claims arose out of an allegedly defective electrical transformer that Ohio Edison sold to Whirlpool. According to the Complaint, an electrical contractor was replacing a defective electric switch on a capacitor bank on January 19, 2007 at Whirlpool's plant in Marion, Ohio. A short circuit fault occurred, and the transformer was unable to withstand the fault current. The transformer's failure ultimately caused a power outage which took the entire plant offline. Whirlpool alleges that the transformer should have been able to withstand the fault current.

The transformer was sent to a repair facility of GE-Prolec Transformers, Inc., which had manufactured the transformer (GE-Prolec). GE-Prolec repaired the transformer, which was reinstalled at the Marion facility on May 28, 2007. However, GE-Prolec allegedly failed to put sufficient oil in the transformer, and on May 29 the transformer failed again, causing a second power outage at the plant. Whirpool claims damages of over $550,000 as a result of the two outages.

Whirlpool sued Ohio Edison, who in turn filed a Third-Party Complaint against Owens and GE Prolec (who is not involved in Owens' pending Motion). Owens is the electrical contractor who was working at the plant on January 19, 2007, when the first failure occurred. Ohio Edison's claims against Owens are for indemnity and equitable subrogation on the underlying claims by Whirlpool.

---

[1] The original named Defendant was FirstEnergy Corporation, but the parties agreed to substitute Ohio Edison as the proper Defendant (Doc. No. 8).

The gravamen of Ohio Edison's Complaint is that Owens was negligent in causing a short circuit, which "precipitated the first transformer outage described in the Whirlpool Complaint" (Doc. No. 29, ¶ 26).

### STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  This Court "must accept as true all of the factual allegations contained in the complaint" in deciding whether the complaint sets forth a viable claim for relief. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  However, a plaintiff's complaint must include "more than labels and conclusions," and "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

### DISCUSSION

**Indemnity**

Ohio Edison claims that it has a right of indemnity against Owens if Ohio Edison is found liable on the underlying claims by Whirlpool. Ohio Edison acknowledges that its claim is based on a theory of implied indemnity, rather than express indemnity, because Owens never contractually agreed to indemnify Edison. Indeed, there was never any contract at all between Ohio Edison and Owens -- and therein lies the basis of Owens' Motion for Judgment. Owens argues that because the underlying claims by Whirlpool were based on breach of contract, Owens cannot be liable for indemnity based on a negligence theory. Ohio Edison has not alleged that Owens breached a contract

with Whirlpool, Ohio Edison, or anyone else, yet it asks Owens to indemnify it on the underlying breach of contract claim.

Ohio Edison responds by citing to *Krasny-Kaplan Corp. v. Flo-Tork, Inc.*, 66 Ohio St. 3d 75, 78 (1993), where the Ohio Supreme Court wrote: "[t]he concept of indemnity embraces aspects of primary and secondary liability. Indemnification occurs when one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable." Ohio Edison uses this definition to argue that "[b]ut for Owens' negligence, the [power] failure would not have occurred," and, therefore, Owens "is primarily liable" and "should be required to reimburse Ohio Edison for discharging a liability for which [Ohio Edison] is only secondarily liable" (Doc. No. 36, p. 3) (internal quotations omitted).

Ohio Edison misapplies the rule from *Krasny-Kaplan*. Ohio Edison faces liability for breach of its contract to sell a functioning transformer to Whirlpool. Owens has nothing to do with that contract and cannot possibly be held liable for breaching that contract -- primarily, secondarily, or otherwise. The crux of Ohio Edison's argument -- that the power failure would not have occurred but for Owens' negligence -- is irrelevant. The real question is whether Ohio Edison would still face liability on its contract with Whirlpool but for Owens' negligence. The answer is clearly yes. Owens' negligence was not the cause of the alleged defect in the transformer that gave rise to Whirlpool's breach of contract claim; that defect (and the consequent breach of contract) would have existed irrespective of Owens' work at the plant on January 19, 2007. Therefore, Ohio Edison's claim for indemnity against Owens fails as a matter of law.

**Equitable Subrogation**

Ohio Edison's claim for equitable subrogation fails for similar reasons. The basis for the claim appears identical to Ohio Edison's indemnification theory: "there would not have been a short circuit in Whirlpool's electrical system but for the negligent actions of Owens Electric" (Doc. No. 29, ¶ 29). Ohio Edison attempts to link this negligence allegation to the doctrine of equitable subrogation by stating, "[i]f Ohio Edison is found liable to Whirlpool on the claims made in the Whirlpool Complaint, Ohio Edison will have paid a debt attributable to Owens Electric and Owens Electric will have received a benefit to which it was not entitled" (Doc. No. 29, ¶ 31).

Even under the broadest definition of equitable subrogation, Ohio Edison's reasoning is flawed. Equitable subrogation is an "alternative to 'conventional subrogation [and] arises by operation of law when one having a liability or right or a fiduciary relation . . . pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid.'" *Wash. Mut. Bank v. Chiappetta*, 584 F.Supp.2d 961, 967 (N.D. Ohio 2008) (quoting *State, Dept. of Taxation v. Jones*, 61 Ohio St. 2d 99, 102 (1980)). Ohio Edison's argument that, if it is found liable on Whirlpool's contract claims, it will have paid a "debt" that is actually owed by Owens, makes no sense. Owens, as explained above, cannot possibly owe anything to Whirlpool on the underlying contract claims because it was not a party to those contracts. Owens could potentially be directly liable to Whirlpool for its alleged negligence (although Whirlpool has not brought any such claim against Owens), but that would be a completely separate claim untethered from Ohio Edison.

In sum, Owens has no relation to the contract under which Whirlpool is suing Ohio Edison, and therefore Ohio Edison has no claim for indemnity or equitable subrogation against Owens.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant Owens Electric Company's Motion for Judgment on the Pleadings is granted.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                October 30, 2009